Samuel J. Fortier
FORTIER & MIKKO, P.C.
1600 A St. Suite 101
Anchorage, AK 99501
(907)277-4222 voice
(907)277-4221 fax
sfortier@fortiermikko.com
*Attorneys for Plaintiff Tanalian, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TANALIAN, INCORPORATED, ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) _____) | Case No.:_____ |

## COMPLAINT

Plaintiff Tanalian, Incorporated, by and through counsel, brings this complaint against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

## PARTIES

1. Plaintiff, Tanalian, Incorporated ("Tanalian"), is a Native group corporation organized within the meaning of § 3(n) of the Alaska Native Claims Settlement Act ("ANCSA"), 43 U.S.C. § 1602(n), with offices in Port Alsworth, Alaska.

2. Defendant is the United States of America, acting through the National Park Service ("NPS").

3. Defendant U.S. Secretary of the Interior ("DOI") currently is Deb Haaland with a principal office located at 1849 C Street NW, Washington, DC 20240.

4. Defendant U.S. National Park Service is an agency under the control of the United States Secretary of the Interior with a principal office located at 1849 C Street NW, Washington, DC 20240.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(b)(1), which provides the federal district courts with exclusive jurisdiction over claims against the United States for money damages.

6. Plaintiff has complied with all conditions precedent to bringing this action against the United States. Plaintiff submitted an administrative claim and demand for damages to the DOI on June 19, 2019. DOI acknowledged receipt of the claim on September 23, 2019. Under 28 U.S.C. § 2675(a), DOI's failure to make a final disposition within six months is considered a final denial at the option of the claimant.

7. The acts or omissions giving rise to this claim occurred in the District of Alaska. Venue is proper under 28 U.S.C. § 1402(b).

## FACTUAL ALLEGATIONS

8. In 1990, Tanalian and NPS entered into a settlement agreement (the "Settlement Agreement") wherein NPS recognized Tanalian as a Native Group and

Tanalian agreed to certain conditions on its lands within the area that were eligible for conveyance to Tanalian pursuant to ANCSA, 43 U.S.C. § 1613(h)(2), and the Alaska National Interest Lands Conservation Act ("ANILCA"), Pub. L. 96–487 § 1416(f).

9. On March 24, 1995, Tanalian received title to lands it had selected within Township 1 North, Range 29 West, Seward Meridian, Alaska, through Interim Conveyance No. 1609.

10. The land selected by Tanalian included a contiguous lot of 3.84 acres in Section 3, Township 1 North, Range 29 West, Seward Baseline and Meridian, Alaska, now known as Lot 1, Block 5, Tanalian Shores No. 4, according to the official plat thereof, filed under Plat Number 2017-2, Records of the Iliamna Recording District, Third Judicial District, State of Alaska (hereafter the "Land").

11. In 2007, the United States granted Tanalian Patent No. 50-2007-0277 for those selections, which included the Land.

12. The Land is a single platted lot on the shore of Lake Clark that can be used for private or commercial recreation or residential purposes. The Land is within the Lake Clark National Park and Preserve. Sport fishing and hunting is allowed in the preserve.

13. Plaintiff developed the subdivision where the Land is located and there are numerous other lots in the area which have been sold or traded.

14. The Land is in the Port Alsworth townsite. Port Alsworth is a highly desirable growing community in a beautiful setting that attracts tourists and seasonal residents and is within easy small aircraft range from Anchorage.

15. The minimum lot size permitted for land in the Tanalian Shores subdivision is 3 acres, as stipulated in the Settlement Agreement.

16. Lots 1 and 2, United States Survey ("USS") 3418, owned by NPS, are adjacent to the east boundary of the Land.

17. At a time presently unknown, the NPS constructed a septic leach field (the "Leach Field") on Lots 1 and 2, USS 3418 on the west side of the Land that encroaches onto the Land and supports adjacent NPS property to the west.

18. The Leach Field construction includes pipes that underlie Plaintiff's Land.

19. Through the Leach Field, wastewater drains from NPS's property onto Plaintiff's Land.

20. Defendant knows of the Leach Field but has taken no action to remove the Leach Field.

21. Un-remediated, the Leach Field will continue to cause damage to the Land and may cause further erosion.

22. Defendant United States of America is sued for damages caused by the negligent or wrongful acts or omissions of its employees in constructing the leach field, allowing the leach field to remain which impacts Plaintiff's property and not removing or remedying the conditions caused by the leach field. Those employees were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Alaska. *See* 28 U.S.C. § 1346(b).

*Tanalian, Incorporated v. United States of America*, Case No._____
Complaint
Page 4 of 10

Case 3:21-cv-00216-JWS   Document 1   Filed 09/28/21   Page 4 of 10

23. Tanalian has been required to retain counsel to prosecute this action and has and will continue to incur attorney's fees and costs as a result of Defendants' failure to comply with state laws and their obligations to Tanalian as adjacent landowners.

## FIRST CAUSE OF ACTION – NUISANCE (A.S. § 09.45.230)

24. Plaintiff realleges and incorporates by reference all previous allegations as if fully restated herein.

25. Plaintiff has property rights and privileges to use and enjoy its property.

26. The impacts from the leach field on Plaintiff's use and enjoyment of property include loss of a usable building site on or near the leach field, contamination, impacts to drainage, and impacts to road construction on the Land.

27. Defendant's conduct is a substantial and unreasonable interference with Plaintiff's use and enjoyment of Plaintiff's real property, and therefore constitutes a private nuisance pursuant to A.S. § 09.45.255.

28. Alaska Statute § 09.45.230 allows a person to bring a civil action to enjoin or abate a private nuisance and to receive damages.

29. Defendants' interference with Plaintiff's use and enjoyment of the Land was unreasonable, reckless, or negligent.

30. As a result of the action, inactions and omissions of Defendants, Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages, inclusive of but not limited to any and all amounts incurred and to be incurred for the investigation, assessment, monitoring, treatment, removal and/or remediation of the

damage caused by Defendants to the Land, the diminution in value of the Land, all in amounts not yet fully ascertained, but which will be more specifically shown in accordance with proof at the time of trial.

31. The failure of Defendants to timely mitigate, through assessment, investigation, monitoring, and remediation, will further increase the damages and injuries Plaintiff has and will continue to incur.

32. The existence of the leach field structure on the Land has resulted in a condition which is an obstruction to the free use of the Land and an interference with Plaintiff's comfortable use and enjoyment of the Land.

## SECOND CAUSE OF ACTION - TRESPASS

33. Plaintiff realleges and incorporates by reference all previous allegations as if fully restated herein.

34. Defendants' unauthorized construction of the Leach Field on and under Plaintiff's Land, and the continued migration of water, wastewater, and eroded materials from Defendants' property onto Plaintiff's property, constitutes a continuing and/or permanent trespass onto the Land caused by Defendants' actions, inactions, or omissions, whereby the Defendants have acted negligently, in causing such trespass and have acted negligently, in failing to abate and enjoin such trespass and in failing to investigate, assess, monitor, treat, remove, or remediate the ongoing erosion, drainage, and damage caused to the Land.

35. As a result of the actions and inactions of the Defendants a continuing trespass exists and continues to exist resulting in damage to the Land, as the Leach Field pipe structures and ongoing drainage perpetrated by Defendants diverts water, wastewater, and sediment to the Land giving rise to a new cause of action on a daily basis. Alternatively, to the extent any damages or injuries cannot be abated, the trespass is permanent, with permanent damages and injuries to Plaintiff.

36. As a result of the actions and inactions of the Defendants, Plaintiff has suffered and will continue to suffer general, compensatory and consequential damages inclusive of but not limited to any and all amounts incurred or to be incurred from the investigation, assessment, monitoring, removal, and/or remediation, the diminution in value of the Land, the fair market rental value of the Land for the duration of the trespass to the full extent allowed by law, and all other amounts to be determined by the Court with proof at trial, all of which have not yet been fully ascertained but which will more specifically be shown in accordance with proof at the time of trial.

37. Defendants have failed to abate and enjoin the trespass and the trespass continues to exist. Plaintiff requests a mandatory and/or prohibitory injunction be issued requiring Defendants to enjoin and abate the trespass and to perform any and all assessment, monitoring, investigation, removal, remediation, treatment, cleanup or otherwise to accomplish the same.

## THIRD CAUSE OF ACTION - BAD FAITH TRESPASS
## WITHOUT CLAIM OF RIGHT

38. Plaintiff realleges and incorporates by reference all previous allegations as if fully restated herein.

39. Plaintiff retains a property interest in the Land.

40. Defendants knew that the Land had been damaged as a result of Defendants' construction of the Leach Field and the ongoing drainage of water, wastewater, and sediment onto Plaintiff's property.

41. Defendants do not have a reasonable or good faith basis to believe they hold any present legal interest in the Land.

42. Defendants' conduct alleged above constitutes bad faith trespass.

43. Defendants' conduct alleged above was done willfully.

44. Defendants' conduct, including its failure to remove the encroachment and remediate the areas they damaged, was motivated by financial gain.

45. Defendants had knowledge of the adverse consequences to Plaintiff of its conduct alleged above.

46. As a direct and proximate result of Defendants' bad faith trespass upon the Land, Plaintiff is entitled to damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION – NEGLIGENCE

47. Plaintiff realleges and incorporates by reference all previous allegations as if fully restated herein.

48. Defendants knew or should have known: (a) the Leach Field encroached on the Land; (b) waste and excess water would flow from Defendants' property into the Leach Field; (c) the existence of such Leach Field would negatively affect Plaintiff's property; and (d) the flow of waste and excess water from Defendant's property into Plaintiff's property would constitute nuisance and trespass.

49. Defendants had a duty to ensure that the Leach Field was constructed so as not to encroach on Plaintiff's property.

50. Defendants had a duty to execute and oversee the construction of the Leach Field in a manner that comports with state and federal laws.

51. Defendants negligently breached their duty by constructing the Leach Field on the Plaintiff's Land.

52. Defendants negligently breached their duty by not warning Plaintiff of the construction and encroachment of the Leach Field.

53. Defendants also negligently breached their duty to Plaintiff by failing to take reasonable, adequate, and sufficient actions to eliminate, correct, remediate, mitigate, or remedy the conditions caused by the flow of waste and excess water into the Land.

54. As a direct result of Defendants' breaches of their duty, Plaintiff's property was damaged and harmed by the construction of the Leach Field.

55. As a direct result of Defendants' breaches of their duty, Plaintiff suffers ongoing harm because wastewater continues to flow onto Plaintiff's property and the Leach Field structures continue to encroach onto Plaintiff's property.

56. Defendants failed to act with reasonable care and the breaches of their duties were direct and proximate causes of the harm to Plaintiff and their damages, and the imminent, ongoing, substantial, and impending harm to Plaintiff's property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that upon trial on the merits of this case it have and recover from the Defendants:

A. A judgment against Defendants on Tanalian's causes of action;

B. Restitution and a mandatory and/or prohibitory injunction requiring Defendants to enjoin and abate the alleged nuisance at the Land and to perform any and all necessary investigation, assessment, repair, monitoring, remediation , or other similar work on and at the Land and in the vicinity of the Land;

C. Damages, in an amount to be determined at trial;

D. Costs and attorney's fees;

E. All other relief to which Tanalian may be justly entitled.

RESPECTFULLY SUBMITTED this 27th day of September, 2021.

FORTIER & MIKKO, P.C.
*Attorneys for Plaintiff Tanalian, Inc.*

s/Samuel J. Fortier
Samuel J. Fortier, Alaska Bar #8211115
sfortier@fortiermikko.com
1600 A Street, Suite 101
Anchorage, Alaska 99501
(907) 277-4222 (phone)
(907) 277-4221 (fax)